AETNA INS. CO., (JONES v.)
[See Jones v. Aetna Ins. Co., Case No. 7,453.]

AETNA INS. CO., (LEE v.)
[See Lee v. Aetna Ins. Co., Case No. 8,181.]

AETNA INS. CO., (MURRAY v.)
[See Murray v. Aetna Ins. Co., Case No. 9,-955.]

AETNA INS. CO., (PORTER v.)
[See Porter v. Aetna Ins. Co., Case No. 11,-286.]

## Case No. 97.

### AETNA INS. CO. v. SABINE.

[6 McLean, 393.][1]

Circuit Court, D. Indiana. May Term, 1855.

PRINCIPAL AND AGENT — ABUSE OF POWERS BY AGENT—RATIFICATION BY PRINCIPAL—PLEADING.

1. An action being brought against the defendant, charging him with an abuse of his powers, as agent of the plaintiff, [an insurance company,] it is essential that he should be alleged to have acted as agent of the company.

2. Unless he was authorized to act as agent of the company, he could not bind it; and any ratification of the contract would relieve the defendant from an alleged abuse of his powers.

3. If the plaintiff ratified what the defendant had done, and which did not bind the company, except by such ratification, the defendant is not chargeable with any remissness of duty.

[At law. On demurrer to declaration. Demurrer sustained as to three counts, and overruled as to the fourth.]

Mr. Henderson, for plaintiff.
Mr. Crawford, for defendant.

THE COURT. This action was brought on a policy of insurance against defendant for having exceeded his powers, &c., by which plaintiff was injured. The declaration contained four counts. The defendant filed a general demurrer to the declaration.

To the first count it was objected, on demurrer, that plaintiff alleges no authority to the agent to make the insurance; and on this it is argued that the plaintiff could not be liable on the policy until a ratification of it was proved; and, if there were a ratification, the plaintiff would be estopped to charge the defendant, as the validity of the policy depended not on the original contract, but on the subsequent ratification of it by the plaintiff. The declaration, it is said, does not state the case of an agent who has a general authority, but acts in violation of his private instructions in not taking good security for the payment of the premium, and in the insurance of Kentucky flatboats. If, while the agent is exercising general powers, he has private instructions, the agent could bind the company, but would be liable to it for any abuse of his power; but, in the

[1][Reported by Hon. John McLean, Circuit Justice.]

first count it is alleged he had no power at all. By reason of this defect, the ground for a recovery is not laid, and consequently the demurrer is sustained as to this count.

The second count is also subject to exception, as the allegation of the defendant's agency is not made, which was essential to establish his liability. If he be not authorized to act, the policy is not binding on the plaintiff, and a ratification of the policy by the company would relieve the defendant from responsibility, and remove from the plaintiff all ground of complaint.

The same objection applies to the third count as is above stated to the first.

In regard to the fourth count, it appears there is a sufficient allegation of the agency, as it is stated that defendant, while acting as agent for the company, received large sums for insuring, which he has failed to account for or pay over to the plaintiff. If, under such circumstances, he has received money on account of the plaintiff, he is bound in good conscience to pay it over. This count, the court think, is sustainable, and as to it the demurrer is overruled; but it is sustained as to the first, second, and third counts. The court will give leave to amend the declaration generally.